In re Brian P. TOWNSEND and Margaret E. Townsend, Debtors.

Brian P. TOWNSEND and Margaret E. Townsend, Movants,

v.

DELLWOOD CORPORATION, Servicer for Commonwealth of Pennsylvania State Employees' Retirement Fund, Respondents.

Bankruptcy No. 93–10792.
Motion No. DWP–1.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 24, 1994.

Louis P. Vitti, Pittsburgh, PA.

David W. Pickens, Meadville, PA, U.S. Trustee.

*MEMORANDUM AND ORDER*

WARREN W. BENTZ, Bankruptcy Judge.

Debtor objects to the claim of Dellwood Corporation ("Dellwood") on several bases. Debtor objects to the $1,300 legal fee. Dellwood has indicated that it will supply an itemized statement as to the fee claimed and that matter will be further addressed if not settled.

Debtor also objects to Dellwood's claim for the $60 filing fee for the filing of a motion for relief from stay since Dellwood is admitted by all parties to be oversecured. Dellwood has no objection and agrees to the deletion of this fee from its claim.

Debtor also objects to the interest rate applicable to the mortgage delinquency. Dellwood holds a mortgage on Debtors' residence. The mortgage contract rate is 10½% and Dellwood maintains that 10½% is therefore the interest rate which should apply to the mortgage delinquency balance until the payoff of that balance under the Plan. The Debtor claims that the current market rate is 7%, and that the delinquencies should be paid off at the 7% rate.

In an attempt to resolve the interest rate issue, the parties engaged in a brief oral argument each citing *Rake v. Wade,* — U.S. ——, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). However, *Rake v. Wade* and the Tenth Circuit Court of Appeals, from which the appeal was taken, did not decide or discuss whether the current market rate or some other measure governs the appropriate interest rate applicable to the mortgage delinquency.

11 U.S.C. § 1325(a)(5)(B)(ii) provides that the court shall confirm a plan if

with respect to each allowed secured claim provided for by the plan—

the plan provides that the holder of such claim retain the lien securing such claim; and

.    .    .    .    .

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;

That language was analyzed and interpreted as applied to a claim secured by a lien on a vehicle, after the amount of the secured claim had been reduced to the amount of the value of the vehicle. *General Motors Acceptance Corp. v. Jones,* 999 F.2d 63 (3d Cir.1993). That court held that the appropriate rate of interest, using a "coerced loan" theory, is the market rate. As a guideline, it stated that the contract rate was presumptively the market rate and that if a party seeks to depart therefrom, such party must introduce supporting evidence.

We conclude that it is appropriate to apply the same rationale to the question here, relating to the delinquency under a residential mortgage. We recognize that mortgage delinquencies have different elements; that part of the delinquency is unpaid principal, part may be tax, insurance, or attorney fee disbursements, and part may be interest (raising the question whether interest on interest should be allowed). All of these items, however, represent amounts for which the mortgagee is entitled to immediate payment. Payment on all of these at the market rate will provide equitable compensation for the delay in payment imposed upon the mortgagee by the impact of the bankruptcy law. That delay in payment is, in effect, also a "coerced loan."

Accordingly, we will make an order that the interest rate on the delinquent balance shall be the market rate. Since the debtor has asserted that the market rate is 7%, and since the contract rate is 10½%, we will fix a hearing for the presentation of evidence.

*ORDER*

This 24th day of January, 1994, after notice and hearing, it is ORDERED that the interest rate to be paid by the Debtors to Dellwood Corporation on the mortgage delinquency (including out of pocket expenses) which existed on October 22, 1993 shall be the market rate; that a hearing will be fixed to hear evidence thereon; that in the meantime, a telephone status conference shall be held at 10:30 a.m., February 7, 1994. Counsel for Movant shall initiate the call to the Court (at 814–453–4400) and other parties.

It is FURTHER ORDERED that the parties shall report to the Court at said status

conference as to whether the dispute over attorney's fees has been resolved and if it has not been resolved, an evidentiary hearing will be fixed.